UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARTURO ALAYN PRADERA,<br><br>                 Plaintiff,<br>    v.<br>GEICO INSURANCE AGENCY, INC. d/b/a GEICO CASUALTY COMPANY, DOES I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>                 Defendants. | Case No. 2:18-cv-00156-MMD-NJK<br><br>ORDER |

**I.    SUMMARY**

This matter stems from Plaintiff Arturo Alayn Pradera's state court action concerning Plaintiff's request for payment under his uninsured/underinsured ("UIM") policy with Defendant Geico Insurance Agency, Inc.. (ECF Nos. 1-1, 11-1.) Defendant removed the case to this Court (ECF No. 1). Before the Court is Plaintiff's motion to remand ("Remand Motion") (ECF No. 12) and Defendant's motion to dismiss ("Dismissal Motion") (ECF No. 11). The Court has also reviewed the parties' responses (ECF Nos. 14, 15) and replies (ECF Nos. 16, 17).

For the reasons stated below, Plaintiffs' Remand Motion (ECF No. 12) is granted. Accordingly, the Court lacks jurisdiction to address the Dismissal Motion.

**II.    RELEVANT BACKGROUND**

Plaintiff was involved in a motor vehicle accident in June 2016. (ECF No. 12 at 2.) In early 2017, Defendant accepted Plaintiff's offer to settle Plaintiff's claim against the

other vehicle's policyholder for $15,000. (ECF No. 12 at 3; ECF No. 12-1; ECF No. 12-2 at 4.) Defendant also provided Plaintiff with a release for that claim. (ECF No. 12-2 at 3-4.)

In spring 2017, Plaintiff sought additional recovery under his UIM motorist policy (which he had purchased from the Defendant before the accident) because his claim exceeded the other policyholder's policy limit. (ECF No. 12 at 3; ECF No. 12-3; ECF No. 12-4 at 2.) Plaintiff made a demand for his UIM policy limit of $50,000.00/$100,000.00. (ECF No. 12 at 3; ECF No. 12-4 at 3.) Plaintiff's demand identified Plaintiff's medical specials as $18,674.88. (ECF No. 12-4 at 3.)

Plaintiff and Defendant engaged in settlement negotiations. (ECF No. 12 at 3; *see* ECF No. 12-5 at 3.) Plaintiff notes that after several rounds of negotiation, Plaintiff's demand was whittled down to $30,000, while Defendant's valuation of Plaintiff's claim was $9,500.00. (*Id.*) Plaintiff's initial demand of the full UIM policy limit was his only demand in excess of $50,000 before Plaintiff instituted this lawsuit. (ECF No. 12 at 3.)

The parties did not reach a settlement and Plaintiff sued in state court. (*Id.* at 4; ECF Nos. 1-1, 11-1.) In the Complaint, Plaintiff seeks to recover his medical expenses exceeding $18,000 (ECF No. 11-1 at 6; *see also* ECF No. 12 at 7), and requested the state court award damages—in excess of $15,000 related to breach of contract; in excess of $15,000 for breach of implied covenant; in excess of $15,000 for insurer bad faith; in excess of $15,000 for unjust enrichment an wrongful conversion; in excess of $15,000 for unfair claims practice; in excess of $15,000 in punitive damages; attorneys' fees and prejudgment interest. (*See* ECF 11-1.)

Defendant filed a petition to remove the case to this Court in late January 2018. (ECF No. 1.) Defendant's petition alleges diversity jurisdiction and an amount in controversy in excess of $75,000. (*Id.*)

///

///

///

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

To establish subject matter jurisdiction pursuant to diversity of citizenship under section 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Where it is not facially evident from the complaint that $75,000 was in controversy at the time of removal, a defendant seeking removal must prove, by a preponderance of the evidence, that the amount in controversy requirement is met. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004).

Under a preponderance of the evidence standard, a removing defendant must "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. *Id.* at 1117 (citations omitted). As to the kind of evidence that may be considered, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations are insufficient. *Matheson*, 319 F.3d at 1090 (citation omitted).

///

## IV. DISCUSSION

In seeking to remand, Plaintiff contests only the amount in controversy. (ECF No. 12.) Plaintiff specifically argues that Defendant fails to surmount the strong presumption against removal and that Defendant merely speculates the amount in controversy meets the $75,000 jurisdictional requirement. (ECF No. 12 at 4, 7.) The Court agrees.

Defendant fails to sufficiently establish that the amount in controversy here meets the jurisdictional threshold. As a preliminary matter, it is irrelevant that Plaintiff's last settlement demand was $30,000, or that Defendant's valuation was $9,500 during negotiations. (*See* ECF No. 12 at 7.) Pertinently, Defendant fails to demonstrate that Plaintiff is seeking even the lesser $50,000 amount of the UIM policy in his lawsuit. Instead, Defendant merely aggregates the individual amount of damages Plaintiff seeks for each claim in asserting the amount in controversy has been met. (*See* ECF No. at 2-8.) However, Plaintiff's Complaint is likely influenced by having to conform to state court damage pleading requirements. More importantly, Plaintiff has not indicated that he wishes to aggregate the amounts asserted. While a single plaintiff may seek a good faith aggregation of his or her claims against a defendant to meet the jurisdictional requirement, *see, e.g.*, *Snyder v. Harris*, 394 U.S. 332, 335 (1969), Defendant cites no authority to support that it may do the same in order to remove Plaintiff's state court action to this Court. (*See* ECF No. at 2-8.) The Court thus cannot find more than a legal possibility that the amount in controversy requirement has been satisfied. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996) (citations omitted) (noting its prior holding that "in removed diversity cases where the amount in controversy is in dispute and where it is unclear from the plaintiff's complaint whether the plaintiff is seeking more than $50,000, "the defendant bears the burden of *actually proving* the facts to support . . . the jurisdictional amount") (emphasis added). Accordingly, the Court will grant Plaintiff's Remand Motion.

///

///

4

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Plaintiff's Remand Motion (ECF No. 12) is granted.

The Clerk is directed to close this case.

DATED THIS 4th day of June 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE